# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTOREY DANYELL HARPER, Military Leader UNI Star General Montorey LLC,<br><br>Plaintiff,<br><br>v.<br><br><br>US, NATO, UN,<br><br>Defendants. | CASE NO. 17CV1587-GPC(MDD)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS***<br><br>**AND**<br><br>**(2) DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

On August 8, 2017, Plaintiff Montorey Danyell Harper ("Plaintiff"), proceeding *pro se*, filed a Complaint against the United States, NATO and the UN. (Dkt. No. 1.) Plaintiff concurrently filed a motion to proceed in forma pauperis ("IFP"). (Dkt. No. 2.) For the reasons set forth below, the Court DENIES Plaintiff's motion to proceed *in forma pauperis* and DISMISSES Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

**A.** **Motion for Leave to Proceed *In Forma Pauperis***

All parties instituting any civil action, suit or proceeding in a district court of the

United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2). Franklin v. Murphy, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

Here, Plaintiff has provided an affidavit to support his application to proceed *in forma pauperis*. (Dkt. No. 2.) Plaintiff states that his average monthly income during the past twelve months was approximately $4,231.00. (Id. at 2.) He does not list any assets. (Id. at 3.) Since Plaintiff's monthly income exceeds his total monthly expenses, which amount to $3110.00, (id. at 4-5), the Court concludes that Plaintiff can afford the $400 filing fee. Accordingly, the Court DENIES Plaintiff's request to proceed *in forma pauperis*.

**B.     *Sua Sponte* Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

A complaint filed by any person proceeding IFP, pursuant to 28 U.S.C. § 1915(a), is additionally subject to mandatory sua sponte screening. The Court must review complaints filed by all persons proceeding IFP and must *sua sponte* dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. See 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

All complaints must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.").

The Complaint alleges that around March 25, 2017, Plaintiff purchased milk at a Ralph's grocery store near where he lives and noticed that his milk had water in it and he has been drinking milk with water for months. (Dkt. No. 1 at 1.) Plaintiff does not allege any facts against the named Defendants and does not allege any facts to support a cause of action. As plead, the Complaint fails to state a claim. Accordingly, the Court DISMISSES Plaintiff's Complaint for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B).

**Conclusion**

Based on the above, the Court DENIES Plaintiff's motion to proceed *in forma pauperis* and DISMISSES the Complaint for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

DATED: August 10, 2017

HON. GONZALO P. CURIEL
United States District Judge